## Hanger & Ashley vs. Dodge.

Where the plaintiff, in a suit by petition in debt pursues the form prescribed by the statute, and sets out a sealed obligation purporting to be executed by the defendant by his agent, it is sufficient on demurrer without other allegation of the authority of the agent.

*Appeal from Pulaski Circuit Court.*

Hon. Liberty Bartlett, Circuit Judge.

Clark, Williams & Martin for appellants.

Stillwell & Wassell for appellee.

Mr. Justice COMPTON delivered the opinion of the court.

This was a proceeding by petition in debt, instituted by R. L. Dodge against Hanger & Ashley.

The petition is in the usual form, and sets out a copy of the writing obligatory sued on, which is as follows:

$165.50.                       LITTLE ROCK, April 23, 1860.

One day after date we promise to pay to the order of R. L. Dodge, one hundred and sixty-five 50-100 dollars, with interest at the rate of ten per cent. per annum from and until paid for value received.                        HANGER & ASHLEY, [SEAL.]

                               By J. O. ASHLEY,        "

A demurrer to the petition was overruled in the court below, and Hanger & Ashley declining to make further defence, judgment was rendered against them, from which they have prosecuted their appeal to this court.

It is insisted that the demurrer should have been sustained, because it was not alleged in the petition that J. O. Ashley had authority to execute the writing obligatory. The petition alleges that Dodge "is the legal owner of a sealed note against the defendants," and then follows a copy of the instrument which, on its face, purports to be the obligation of Hanger & Ashley, executed by one who purports to be their agent. Admitting these allegations to be true, as the demurrer does, they are sufficient in a proceeding like this, to show a liability on the part of Hanger & Ashley. The statute prescribes the form of the petition, and in this case the pleader has strictly complied with its requirements.

Finding no error in the record the judgment must be affirmed with costs.